CALENTI v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 15.—Decided January 22, 1907.

AGENT—ACTS OF OWNERSHIP—CONSTITUTION AND LIQUIDATION OF PARTNERSHIP.— Where an agent is authorized to execute an instrument constituting a new

partnership in representation of his principal, stipulating such conditions as may be agreed to by the partners and performing such other acts and doing such other things as his principal might do if personally present, without any limitation whatsoever, he is not authorized, however, to liquidate in the name of his principal the former partnership, nor to transfer to the new partnership the undivided interest belonging to the latter in the assets of the old partnership, because as these are acts of ownership and alienation it is necessary that he should be expressly authorized to perform such acts in order that the same may be valid.

APPEAL FROM DECISION OF REGISTRAR OF PROPERTY—DOCUMENTS NOT CLASSIFIED BY THE REGISTRAR.—In the determination of an appeal from a decision of the registrar the court can not take into consideration any documents whatever which have not been previously considered and classified by the registrar in connection with the document presented for record.

The facts are stated in the opinion.

*Mr. García Cuervo* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Attorney Emilio García Cuervo on behalf of Claudio Calenti y Portela, as manager of the commercial firm of Sucesores de C. Fariña & Co., a special partnership, from a decision of the Registrar of Property of Caguas refusing to admit to record an instrument constituting a special commercial partnership.

By public instrument executed in the town of Juncos, before Notary José Abelardo Cajas y Machado, on May 6, 1898, Cándido Fariña y Ruibal and Claudio Calenti y Portela, the only partners in a general partnership doing busines in said town under the firm name of C. Fariña & Co., declared that the term of the duration of said partnership contract being about to expire, and it being to their interest to continue it for a longer period, they had agreed to extend it, as they did extend it, for a period of three years, to expire on May 6, 1901, under the same stipulations and conditions contained in the aforementioned partnership contract, and agreeing furthermore that if upon the expiration of the term fixed for this extension, thirty days should expire without either of the partners making any opposition or requesting the dissolution of the partnership, it would be understood as extended for an

additional year, under the same conditions as established in said partnership contract.

Subsequently—that is to say, by instrument executed in Caguas on June 15, 1901, before the same notary—José Abelardo Caja y Machado, Cándido Calenti y Portela, Manuel Cobas y Fariña and Ricardo Jiménez Hernández, the first two in their own right and the last as the attorney in fact of Cándido Fariña y Ruibal, according to the power of attorney executed in his favor in the city of Vigo, Province of Galicia, in Spain, before Casimiro Velo de la Viña, a notary of the territorial association of Coruña, on May 9 of the same year, for the special purpose of executing in the name and on behalf of the principal, the proper instrument for the establishment of a new partnership to do business in the town of Juncos, in this Island of Porto Rico, under the firm name of Sucesores de C. Fariña & Co., of establishing in said instrument whatever conditions might be agreed on between the partners, drawing it with the legal clauses and requisites and performing all other acts which the principal himself would perform if he were personally present, to the termination of said contract, without any limitation whatsoever and the full power required by Hernández for all the purposes mentioned, was thereby conferred upon him by his principal, who of course approved all his acts, all of which appears in said power of attorney which is inserted in full in said instrument, in which the notary further certifies that it was a true copy of the copy thereof, issued by the notary who had formerly authenticated and legalized it, and which had been presented to him for the execution of said instrument, in which instrument, after the parties had set forth that the partnership contract which Claudio Calenti and Fariña had entered into on January 27, 1894, had expired, as well as the extension thereof which they had agreed upon on May 6, 1898, to engage in trade in the town of Juncos under the firm name of C. Fariña & Co., the three parties agreed in their aforementioned capacities to

establish a new commercial special partnership, as the successors of the former partnership, under the firm name of Sucesores de C. Fariña & Co., and carrying out said agreement they established the said firm under the firm name mentioned, which was to do business in said town of Juncos and engage in the business set forth in the instrument in detail and in general to do all business of lawful commerce, under the bases prescribed therein, which included among others that the management and administration of said partnership would be in charge of the partners, Claudio Calenti and Manuel Cobas, using the firm name without distinction, the other partner Cándido Fariña, to be the special partner; that the duration of said partnership was to be for the term of four years, subject to extension to five, at the option of the partners; that the first partner, that is to say, Claudio Calenti, contributed to the partnership $16,482.15 due him as principal and profits from the former firm according to the inventory which had been made for the purpose; the second—that is to say, Manuel Cobas—$4,728.19, also due him as the creditor of said firm, according to the inventory; and the third, Cándido Fariña, $30,000 likewise due him on the same grounds as the first partner, the inventory which they ratified in every respect and which made up these three items, showing a total of $51,210.34, represented by merchandise, furniture, vehicles, cattle and horses, leaf and manufactured tobacco, cash, debts, and the real property described in the instrument to No. 7, and that the liquidation if the former firm of C. Fariña & Co. would be assumed by the new special partnership, which, under said bases and the others embodied in the instrument, was thereupon established under the aforementioned firm name of C. Fariña & Co. This instrument was recorded in the commercial registry of this city for the proper purposes according to the Code of Commerce.

By another instrument executed in this city before Thomas D. Mott, a notary public of the same, on January 24, 1905, Claudio Calenti y Portela, with the consent of his wife, Ana

Dueño y Jiménez, Manuel Cobas y Fariña and María and Cándido Fariña y Sepúlveda, unmarried, of age, both in their own right, and the last further as the guardian of his minor brothers and sisters, Petronila, known as Petra, Laura and Enriqueta, Feliciano and Milagros Fariña y Sepúlveda, as shown by a copy of the certificate, duly legalized in the judgment of said notary, from the act showing that such trust had been granted him by the family council of said minors, conferring upon him among other powers, that of collecting sums higher than 5,000 *pesetas* without the intervention of the pro-tutor, and Cándido Fariña himself, as the attorney in fact of his other brother, also of age, Clemente Fariña y Sepúlveda, and of his sister, the said Laura, already emancipated by reason of her marriage to Joaquín Santa Rosa, giving assurance that they had instructions both from Clemente and from Laura and the latter's husband, for the execution of said instrument, as he agreed to prove, the first two—that is to say, Claudio Calenti y Portela and Manuel Cobas y Fariña appearing in their own right—and María and Cándido Fariña as the heirs, in conjunction with their other brothers and sisters mentioned, of their deceased father, Cándido Fariña y Ruibal, who had died in Madrid leaving a will executed in said town, before notary Casimiro Velo de la Viña, on April 27, 1904, in which he constituted them the only and universal heirs of all his property, Cándido further giving assurance that he had instructions from his brother Clemente and his sister Laura, and from the latter's husband, Joaquín Santa Rosa, to execute the said instruments of dissolution and liquidation of the partnership, as he agreed to prove, they proceeded to declare the said special partnership of Successors of Cándido Fariña & Co., formed by instrument executed in Caguas before Notary José Aberlardo Cajas y Machado, on June 15, 1901, which has been mentioned in the foregoing paragraph, to be dissolved and extinguished, the assets of the firm being distributed in the following manner: To the heirs of the deceased partner, Cándido Fariña y Ruibal, in payment of the $35,000 due him

as principal and net profits, there was awarded a note signed by Messrs. Roig, Cay & Co., a special partnership, in favor of Manuel Méndez, and endorsed by the latter to the firm of Successors of Cándido Fariña & Co.; $10,000 in a document signed by the parties, Claudio Calenti and Manuel Cobas, and that the new firm which they intended to establish would guarantee $12,000 and pay the remainder of $13,229.32 in cash. By virtue of the foregoing award María Fariña y Sepúlveda and Cándido Fariña y Sepúlveda, in their own right, and the latter furthermore as the representative of the other persons who constituted the estate of the deceased Fariña y Ruibal, considered themselves paid and satisfied as to the share due their predecessor in interest in the dissolved company, relinquishing all rights and interests therein, the remainder of the assets of the firm being awarded to the said Cándido Calenti y Portela and Manuel Cobas y Fariña, who took charge of the liquidation of the dissolved partnership, the award of the real property being understood to be made in the proportion of one-half of its value to each of said two partners.

This instrument of the dissolution and liquidation of the firm of C. Fariña & Co. was ratified by another of January 24, 1905, executed in this city before the same notary, Thomas D. Mott, by Clemente Fariña y Sepúlveda, personally, as one of the heirs of his deceased father, Cándido Fariña y Ruibal, approving in every respect the agreement made on his behalf by his brother Cándido, in the said instrument of dissolution and liquidation of the said firm of Successors of C. Fariña & Co., of January 24, 1905; and by a subsequent instrument of January 20, 1906, also executed in this capital, before Francisco de la Torre y Garrido, an attorney and notary of the same, Cándido Fariña y Sepúlveda and Manuel Cobas, the former in his own right and as the attorney in fact of his sister María of the same surnames, from whom he alleged he had a power of attorney with sufficient instruction for said act, executed in the city of Vigo, Spain, before Notary Evaristo Vero, and furthermore as the tutor of his minor brothers,

and sisters, Petronila, known as Petra, Laura, Enriqueta, Feliciano and Milagros Fariña y Sepúlveda, as he proved by a certificate, duly authenticated in the judgment of the notary, of the decision of the family council of said minors, constituted in said city of Vigo, giving him among other powers that of collecting sums higher than 5,000 *pesetas,* without the intervention of the protutor; and as the attorney in fact of his sister, the said Laura, now emancipated by reason of her marriage to Joaquín Santa Rosa, according to the power of attorney they conferred upon him in the city of Evora, in Portugal, on April 24, 1905, which, drawn in the Portuguese language and legalized by the consul of the United States in Lisbon, is embodied in the instrument, the notary assuring that it contains power sufficient for such execution; and the second party, Manuel Cobas y Fariña, as the attorney in fact of Clemente Fariño y Sepúlveda, of age, absent in the United States of America, from whom he gave assurance that he held power sufficient for the execution of said instrument, in which after setting forth the antecedents herein related in the preceding paragraphs, Cándido Fariña y Sepúlveda, as the attorney in fact and guardian of his sister, Laura, according to the power of attorney conferred upon him by her in conjunction with her husband, ratified and approved the instrument of Jánuary 24, 1905, by which the firm doing business in Juncos under the firm name of Sucesores de C. Fariña & Co., constituted by agreement of June 15, 1901, was dissolved and liquidated, and declaring furthermore, in conjunction with the other party present, Manuel Cobas, as the attorney in fact of Manuel Fariña y Sepúlveda, that having received prior to said act, to his entire satisfaction from Sucesores de C. Fariña & Co., a special partnership, established in Juncos, $4,000 of the $12,000 represented by the document signed by Messrs. Calenti and Cobas, guaranteed by said firm, awarded to the estate of the deceased Cándido Fariña y Ruibal in part payment of the amount due him in the liquidation of the former firm of Sucesores de C. Fariña & Co. of which he was

the special partner, as stated in the second finding of fact, Cándido Fariña y Sepúlveda, on his own behalf and in the other capacities which correspond to him, and the other party, Manuel Cobas, as such attorney in fact of Clemente Fariña y Sepúlveda, executed in favor of the said firm of Sucesores de C. Fariña & Co., a special partnership, a receipt for the said $4,000, thus reducing the amount of said document to the difference between the two sums—that is to say, to the sum of $8,000.

The instrument by which the firm of Sucesores de C. Fariña & Co. was constituted on June 15, 1901, having been presented in the Registry of Property of Caguas for the record in favor thereof of the properties contributed to said firm and described in said instrument, the registrar denied the record on the ground stated in the decision placed at the end of said instrument, which reads as follows:

"The foregoing document is not admitted to record, with regard to the 10 properties comprised therein, on account of the incurable defect that the firm of C. Farina & Co. was dissolved upon the expiration of the period fixed in the partnership agreement, prior to the date upon which the new partnership was entered into, and that Ricardo Jiménez y Hernández, as the attorney in fact of Cándido Fariña y Ruibal, does not have power to liquidate the said extinguished partnership in conjunction with the other partner, Claudio Calenti y Portela, and consequently, to convey the property thereof to the new partnership established under the firm name of Sucesores de C. Fariña & Co., and furthermore on account of the incurable defect with regard to the urban properties described under numbers 2 and 3 of said document, that they are not recorded in the name of the firm of C. Fariña & Co. nor of any other person; and with respect to the rural properties of 115 *cuerdas,* 21.125 *cuerdas* and 11.45 *cuerdas* on account of being recorded in the name of persons other than the firm of C. Fariña & Co.; and in lieu of such record a cautionary notice has been entered, effective for one hundred and twenty days, in view of another instrument and a petition, at folios 179, 234, 65, reverse side, 165, 62, reverse side, 219, reverse side, 188, reverse side, 58 and 119 of volumes 4, 10, 10, 8, 5, 3, 3, 3, 5 and 6, of the *Ayuntamiento*

of Juncos, estates numbers 204, 477, 478, 201 duplicate, 253, 119, 158, 152, 230 and 298, records letters A.—Caguas, August 27, 1906.''

From this decision of the registrar Attorney Emilio García Cuervo took an appeal to this Supreme Court on behalf of Claudio Calenti y Portela, as the manager of the firm of Sucesores de C. Fariña & Co., a special partnership, attaching to his petition the documents mentioned, seeking the reversal of said decision with reference to the incurable defect upon which the registrar bases his decision, and consequently praying that it be held:

1. That the power of attorney conferred by Cándido Fariña y Ruibal to Ricardo Jiménez y Hernández must be considered sufficient to execute in the name and on behalf of the former the instruments of the constitution of the firm of Sucesores de C. Fariña & Co., with all the clauses which it contains, including the contribution thereto of the partnership assets due the former in the other firm of C. Fariña & Co.

2. That in the event such power of attorney be not considered sufficient, said instrument establishing the firm of Sucesores de C. Fariña & Co. must be understood to have been ratified and approved in every respect by the heirs of said Cándido Fariña y Ruibal, by virtue of the instruments attached, and described in the third and fourth statements of fact.

And that the decision of the registrar be finally reversed with reference to the first defect, holding that the record sought is proper as to the properties which are not subject to the other defects described in the decision, and that the record thereof be ordered.

The special power of attorney conferred by Cándido Fariña y Ruibal upon Ricardo Jiménez y Hernández, in Vigo, before Notary Casimiro Velo de la Viña, on May 9, 1901, of which Ricardo made use for the execution on behalf of his principal, Cándido Fariña, of the instrument of June 15, 1901 by which, together with Claudio Calenti y Portela and Manuel

Cobas y Fariña, they constituted the firm of Sucesores de C. Fariña & Co., only authorized him to execute the proper instrument for the establishment of the new firm of Sucesores de C. Fariña & Co., which was to do business in the town of Juncos, in the name and on behalf of his principal, establishing therein whatever conditions might be agreed on between the parties, and executing it with the proper legal clauses and formalites and performing all other acts which the principal himself would perform if he were personally present, to the termination of said contract, without any limitation whatsoever, but not to liquidate the former firm of which Cándido Fariña was a partner with Claudio Calenti y Portela, and which was doing business in Juncos under the firm name of C. Fariña & Co., nor to transfer to the new firm the undivided share of Cándido in the assets of the former firm, consisting of property of all kinds, including the real property which it is sought to record in the name of the new firm of Sucesores de C. Fariña & Co., because such operations constituting real acts of ownership and of alienation, they require for their valid performance on behalf of Cándido Fariña, who was absent, a power of attorney with express powers, as prescribed by article 1713 of the former Civil Code, in force when said acts were performed, which is the equivalent of section 1615 of the Civil Code now in force.

With regard to the ratification alleged by the appellant to have been made by the Estate of Cándido Fariña y Ruibal of said instrument, establishing the firm of Sucesores de C. Fariña & Co., of June 15, 1901, by the other instruments of dissolution and liquidation of said firm of January 24, 1905, and the subsquent instrument of March 22, of the same year and January 20, of the following year, which have been described in the findings of fact, as it has not been established in any manner that said instruments were presented to the registrar and classified by him, with the exception of the first one, that is to say, that extending the original contract of the partnership of C. Fariña & Co., which bears no relation to the

question at issue, this court cannot classify these instruments, in the first instance, without assuming powers exclusively vested in the registrar, but without prejudice to its right of doing so upon an appeal taken in proper form from the decision of the registrar of property.

In view of the articles and sections cited of the former and new Civil Code, articles 18, 65 and 66 of the Mortgage Law of this Island, and the decisions of the Director General of Registries of Property and Notarial Offices, especially that of August 9, 1895, the decision of the Registrar of Property of Caguas appearing at the end of the instrument in question is affirmed as to the point objected to in this appeal, and it is ordered that the documents presented be returned to said registrar of property, with a certified copy of this decision for his information and the other purposes which may be proper in law.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.